UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LORENZ KIENZLE,                                          **ANSWER**

                      Plaintiff,                 07-CV-10619

    -against-

A.A. TRUCK RENTING CORP., EZRA LEVI,
and DEDDY HALIM,

                      Defendants.
-------------------------------------------------X

    Defendant, DEDDY HALIM, by his attorneys, BRAND & GLICK BRAND, P.C., answering the Complaint of the plaintiff, alleges as follows:

    FIRST:   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "First", "Second", "Third", "Fifth", "Sixth", "Seventh", "Eighth", "Ninth", "Tenth", "Eleventh" and "Seventeenth".

    SECOND:   Denies each and every allegation contained in the paragraphs of the complaint designated "Sixteenth", "Eighteenth", "Nineteenth", "Twenty-First", "Twenty-Second", "Twenty-Fourth".

    THIRD:   Admits each and every allegation contained in the paragraphs "Fourth", "Twelfth" and "Thirteenth".

    FOURTH: Denies each and every allegation contained in the paragraphs of the complaint designated in the paragraphs "Twentieth" and "Twenty-Third " and refers all questions of law to this court.

    FIFTH: Denies allegations contained in the paragraphs of the

complaint designated "Fourteenth" and "Fifteenth" to the extend that such paragraphs assert that the plaintiff was "attempting to enter" the answering the defendant's vehicle.

**AS AND FOR A CROSS-CLAIM AGAINST THE DEFENDANTS, A.A. TRUCK RENTING CORP. AND EZRA LEVI, THIS DEFENDANT ALLEGES:**

SIXTH: That if the plaintiff sustained the injuries alleged in the manner alleged, all of which have been denied by the answering defendant, then such injuries were caused in whole or in part by the negligence of the co-defendants.

SEVENTH:  That by reason of the foregoing, the answering defendant is or will be entitled to have judgment over and against the co-defendants in whole or in part, as to any sum awarded to the plaintiff against the answering defendant.

EIGHTH: That answering defendant is entitled to common law indemnification and contribution if any judgement obtained against it.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

TENTH:  That plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

ELEVENTH: That plaintiff did not sustain serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York and plaintiff's exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law

of the State of New York.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWELFTH: The plaintiff's causes of action are barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTEENTH: The plaintiff failed and neglected to properly utilize, adjust and/or fasten safety devices which were available to plaintiff, or should have been available, thereby increasing plaintiff's injuries and/or damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FOURTEENTH: In the event that plaintiff recovers a verdict or judgment for damages herein, the amount of said verdict or judgment must be reduced by the proportion which the culpable conduct attributable to the plaintiff, including assumption of risk, bears to the culpable conduct which allegedly caused the damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FOURTEENTH: That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in

accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FIFTEENTH: Defendant reserves the right to claim the protections, benefits and limitation on liability set forth under Article 16 of the CPLR.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

SIXTEENTH: The plaintiff failed to mitigate damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

SEVENTEENTH: That there is no personal jurisdiction over the person of the answering defendants, there having been no proper service of process.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

EIGHTEENTH: That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will, with reasonable certainty, be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of Section 4545(c) of the New York's CPLR.

WHEREFORE, answering defendant demands judgment dismissing the complaint herein, together with the costs and disbursements of this action; and in the event the plaintiffs recover any sum of money against the answering defendant, then the answering

defendant demands judgment over against the co-defendants on the cross-claim as to any such amount, together with such other and further relief as is proper.

Dated:   Garden City, New York
         January 22, 2008

                              BRAND GLICK & BRAND

                              By: _____
                              PETER M. KHRINENKO (PK-9407)
                              Attorneys for Defendant Halim
                              600 Old Country Road, Ste. 440
                              Garden City, New York  11530
                              (516) 746-3500

TO:

David Horowitz, P.C.
276 5th Ave., Ste. 405
New York, NY 10001

EZRA LEVI
66-23 242nd Street
Douglaston, NY11362

AA TRUCK RENTING CORP.
28-90 Review Ave
LIC, NY 11101

**ATTORNEY'S AFFIRMATION**

PETER M. KHRINENKO, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms to the truth under the penalties of perjury:

That I am an associate in the law firm of BRAND GLICK & BRAND, P.C., the attorneys for defendants in the within action; that affiant has read the foregoing ANSWER and knows the contents thereof; that the same is true to affiant's own knowledge, except as to those matters therein stated to be alleged on information and belief and that those matters affiant believes to be true. Affiant further says that the reason this Affirmation is not by defendants is that they do not reside within the County wherein affiant maintains his office.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: statements of the defendants and affiant's own general investigation into the facts and circumstances of this action.

DATED:   Garden City, New York
         January 22, 2008

_____
PETER M. KHRINENKO

Index No. 07CV10619

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORENZ KIENZLE,

        Plaintiff,

  -against-

A.A. TRUCK RENTING CORP., EXRA LEVI and DEDDY HALIM,

        Defendants.

---

**ANSWER**

---

**BRAND, GLICK & BRAND, ESQS.**
Attorneys for Defendant
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NASSAU     )

**ENID VELAZQUEZ**, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides at Brooklyn, New York.

That on the 24th day of January 2008, deponent served the within: **ANSWER**

upon:

David Horowitz
276 5th Avenue, Suite 405
New York, New York 10001

Ezra Levi
66-23 242nd Street
Douglaston, New York 11362

AA Truck Renting Corp.
28-90 Review Avenue
Long Island City, New York 11101

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in a post office - official depository under the exclusive care and custody of the United States Postal Service within New York State.

_____
ENID VELAZQUEZ

Sworn to before me this
24th day of January, 2008.

_____
Notary Public

NINA E. GOLDBERG
Notary Public, State of New York
No. 4841330
Qualified in Nassau County
Commission Expires Sept. 30, 2009