UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LORENZ KIENZLE,                                    FIRST SET OF INTERROGATORIES

                                Plaintiff,          07-CV-10619

            -against-

A.A. TRUCK RENTING CORP., EZRA LEVI,
and DEDDY HALIM,

                                Defendants.
-------------------------------------------------------------------X

S I R S :

        PLEASE TAKE NOTICE, that defendants request that plaintiff(s) answer under oath in
accordance with Rule 33 of the Federal Rules of Civil Procedure, the following interrogatories
and produce the following described documents in accordance with Rules 26 and 34 of the
Federal Rules of Civil Procedure:

        1.      (a) Plaintiff(s) date of birth;
                (b) Plaintiff(s) Social Security Number.

        2.      Post office and residence address of each plaintiff.

        3.      The date and approximate time of day of the occurrence.

        4.      The approximate location of the occurrence.

        5.      The manner in which it occurred.

        6.      A general statement of the acts or omissions constituting the negligence claimed.
If any violation of any rule, law, custom, ordinance or statute is claimed, identify and specify the
provisions of same.

        7.      A statement of the injuries claimed to have been sustained as a result of the
occurrence, and the nature and extent thereof.

        8.      A statement of such injuries claimed to be permanent and the nature and extent
thereof.

        9.      Length of time and dates confined to bed and house.

10.    Length of time and dates incapacitated from employment.

11.    Itemize all amounts claimed as special damages for:
(a) Physicians' services; (b) Medical supplies; (c) Hospital expenses; (d) Nurses' services; (e) Loss of earnings; and, (f) All other special damages.

12.  State the name and address of plaintiff's employer at the time of the occurrence, if any; nature of plaintiff's employment and amount of salary.

13.  If plaintiff was self-employed at the time of the occurrence, state the facts upon which plaintiff bases his claim for loss of earnings, if any.

14.  If property damages are claimed, describe the article, the damage thereto, date of purchase, original cost and cost of repair.

15.  If property damage to an automobile is claimed, state the following:  (a) the make, style, model year of manufacture, serial number and license number of plaintiff's motor vehicle; and (b) the parts of the motor vehicle alleged to have been damaged and the cost of repair or replacement thereof.

16.  Whether it is claimed that the defendant had actual or constructive notice of the alleged defective condition.

17.  If actual notice is claimed, set forth the date and to whom notice was given; if constructive notice is claimed, set forth the length of time it is alleged said condition existed.

18.  State if any of the amounts in answer to Paragraph "11" have been paid under coverage afforded by the Comprehensive Automobile Insurance Reparation Act.

19.  The amount of such payment.  List each item separately.

20.  Name of insurance company making such payment.

21.  State in what respect plaintiff will claim to have sustained (1) a "serious injury'" or (2) economic loss greater than "basic economic loss", as is required and defined under the Insurance Law, Section 5102(a) and (b).

22.  State whether it is claimed that any pre-existing injury, neurological disturbance, psychiatric condition or physical condition of the plaintiff had been aggravated as a result of the occurrence.  If so: (1) specify each pre-existing condition that had been aggravated; and (2) state the manner in
which each such condition had been aggravated.

Dated:        Garden City, New York
              January 22, 2008

BRAND GLICK & BRAND

By: _____

PETER M. KHRINENKO (9407)
Attorneys for Defendant
600 Old Country Rd., Ste. 440
Garden City, New York 11530
(516) 746-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

LORENZ KIENZLE,                                    DEMAND FOR PRODUCTION OF
                                                   DOCUMENTS
                              Plaintiff,           07-CV-10619

                -against-

A.A. TRUCK RENTING CORP., EZRA LEVI,
and DEDDY HALIM,

                              Defendants.

-------------------------------------------------------------------X

S I R S :

        PLEASE TAKE NOTICE, that demand is hereby made of you to serve and deliver to the
undersigned, the following:

        1. A list of those attorneys who have appeared in this action, together with their
addresses and the names of each party for whom such attorney has appeared.

        2. A copy of any statement, written or oral, transcribed or recorded, signed or unsigned,
given by or on behalf of any answering defendant serving this notice.

        3. The names and addresses of all persons known:

                a. To have witnessed the occurrence
                b. To have first hand knowledge of the occurrence.
                c. To have notice of the condition which proximately caused the occurrence.
                d. To have given notice of any existing condition  proximately causing the
occurrence.
                e. To have first hand knowledge of the damages and/or injuries complained of.

        4. A copy of any written or recorded reports of the alleged occurrence prepared in the
course of business operations or practices of any person or entity.

        5. All photographs of:

                a. Each Plaintiff, showing the injuries or the effects   thereof, allegedly sustained
as a result of the  occurrence herein.
                b. The condition of the scene to be alleged to  represent the scene at the time of
the occurrence and intended to be introduced at the trial.
                c. The vehicle of any and all parties showing the extent of damages, if any, to the

vehicle following the alleged occurrence.
      d. Any instrumentalities involved in the alleged occurrence.

      6. Duly executed and acknowledged authorizations from each plaintiff permitting the undersigned or their representatives to examine and make copies of the no-fault file maintained by any person or entity arising out of any claim for no-fault benefits relative to the occurrence herein.

      7. Copies of all reports of all physicians and others who examined, attended, cared for and treated the plaintiff for the injuries and conditions and aggravations for which damages are claimed in this lawsuit, specifying in full said injuries and conditions, the dates of visits and fees therefor

      8. Duly executed and acknowledged authorizations permitting the undersigned to obtain copies of all hospital records, and to examine the x-rays thereof, where the injured plaintiff were examined, attended, treated and/or confined following the said occurrence.

      9. Duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of the records of all physicians and others who examined, attended, cared for and treated the plaintiff for the injuries and conditions and aggravations for which damages are claimed in this lawsuit, including actual x-rays, test data and interpretations, consultations, diagnoses, prognoses and medical history.

      10. Duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of records of all physicians, hospitals and others who examined, attended, cared for and treated the injured plaintiff prior to the alleged occurrence involved in this lawsuit for injuries and conditions to the same parts of the body allegedly injured in said occurrence.

      11. If plaintiff are claiming lost earnings, duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff' employment records relevant to the above action. Demand is also made for a copy of plaintiff' W-2 forms and income tax returns for the three years preceding the occurrence and the year of the occurrence itself, discoverable under Rule 3120 of the CPLR and the cases of <u>Gillian v. Lepone</u>, 295 N.Y.S.2d 955 and <u>Ortiz v. Mary Immaculate Hospital</u>, 368 N.Y.S.2d 57.

      12. If plaintiff are claiming any disabilities following the occurrence, duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff' employment records and/or school records which relate to attendance, medical history, treatment
and examinations by all physicians, nurses, hospitals and others.

      13. Pursuant to CPLR 4545, copies of any and all books, records, bills, insurance applications, insurance receipts, checks, cancelled checks and any and all other records pertaining to collateral source reimbursements received by plaintiff or on behalf of plaintiff for the special

damages alleged in the instant lawsuit.

14. Pursuant to CPLR 4545, duly executed authorizations permitting the defendants to obtain the records of any person, institution, facility or governmental agency which has provided or will provide any reimbursement for any of the special damages alleged herein, whether or not such person, organization, facility or governmental agency has been listed in response to Paragraph "13" above.

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR 2103(5), the offices BRAND GLICK & BRAND, P.C., will not accept service of papers by facsimile (FAX) transmittal or other electronic means.

PLEASE TAKE FURTHER NOTICE, that the within demands are continuing. In the event of your failure to comply with this demand within twenty (20) days hereof, this defendant will exercise its rights pursuant to the Civil Practice Law and Rules and Rules of the Appellate Division, to preclude you from offering any evidence at the trial of this action with respect to the foregoing demands.

Dated:        Garden City, New York
              January 22, 2008

                                        BRAND GLICK & BRAND

                                        By:
                                        PETER M. KHRINENKO (9407)
                                        Attorneys for Defendant(s)
                                        600 Old Country Rd., Ste. 440
                                        Garden City, New York  11530
                                        (516) 746-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

LORENZ KIENZLE,                                     NOTICE FOR DEPOSITIONS

                            Plaintiff,              07-CV-10619


          -against-


A.A. TRUCK RENTING CORP., EZRA LEVI,
and DEDDY HALIM,

                            Defendants.
---------------------------------------------------------X

S I R S:

        PLEASE TAKE NOTICE, that pursuant to the applicable provisions of the Federal Rules
of Civil Procedure and Rules of this Court, the undersigned will take the testimony of the adverse
parties, in the following manner:

        Before        :       A Notary Public

        At            :       TBD

        On            :       MARCH 30, 2008 At: 10:00 A.M.

upon all of the relevant facts and circumstances surrounding the accident which is the subject of
this action, including negli- gence, contributory negligence and damages; and for the purposes
authorized by the provisions of the Federal rules of Civil Procedure, said adverse party is
required to produce at such examination, the following: Any and all reports, memoranda,
documents or other writings, pertaining to the matter in controversy, in defendant/plaintiff's
possession and/or control.

Dated:        Garden City, New York
              January 22, 2008
                                            BRAND GLICK & BRAND
                                            By:_____
                                            PETER M. KHRINENKO (9407)
                                            Attorneys for Defendants
                                            600 Old Country Rd., Ste. 440
                                            Garden City, New York 11530
                                            (516) 746-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

LORENZ KIENZLE,                                    DEMAND FOR EXPERTS

                         Plaintiff,        07-CV-10619

      -against-

A.A. TRUCK RENTING CORP., EZRA LEVI,
and DEDDY HALIM,

                       Defendants.

-------------------------------------------------------------X

        Pursuant to the Federal Rules of Civil Procedure, you are hereby required to provide the answering party herein with the following information:

                 1. The name and address of each person who will be called as an expert witness at the trial.

                 2. The subject matter on which each expert is expected to testify.

                 3. The substance of the facts and opinions on which each expert is expected to testify.

                 4. The qualifications of each expert witness.

                 5. A summary of the grounds for each expert's opinion.

Dated:      Garden City, New York
            January 22, 2008

                          BRAND GLICK & BRAND

                          By:_____
                          PETER M. KHRINENKO (9407)
                          Attorneys for Defendant(s)
                          600 Old Country Rd., Ste. 440
                          Garden City, New York  11530
                          (516) 746-3500

Index No. 07CV10619

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=================================================================

LORENZ KIENZLE,

                    Plaintiff,

     -against-

A.A. TRUCK RENTING CORP., EXRA LEVI and DEDDY HALIM,

                 Defendants.
=================================================================

**FIRST SET OF INTERROGATORIES, DEMAND FOR PRODUCTION OF DOCUMENTS
and DEMAND FOR EXPERTS**
=================================================================

**BRAND, GLICK & BRAND, ESQS.**
Attorneys for Defendant
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                                    ss.:
COUNTY OF NASSAU   )

**ENID VELAZQUEZ**, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides at Brooklyn, New York.

That on the 24th day of January 2008, deponent served the within: **FIRST SET OF INTERROGATORIES, DEMAND FOR PRODUCTION OF DOCUMENTS and DEMAND FOR EXPERTS**

upon:

David Horowitz
276 5th Avenue, Suite 405
New York, New York 10001

Ezra Levi
66-23 242nd Street
Douglaston, New York 11362

AA Truck Renting Corp.
28-90 Review Avenue
Long Island City, New York 11101

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in a post office - official depository under the exclusive care and custody of the United States Postal Service within New York State.

_____
ENID VELAZQUEZ

Sworn to before me this
24th day of January, 2008.

_____
Notary Public

NINA E. GOLDBERG
Notary Public, State of New York
No. 4841330
Qualified in Nassau County
Commission Expires Sept. 30, 2009