OUR FILE NO: 108/001/JLC
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LORENZ KIENZLE,

                            Plaintiff,

             -against-

A.A. TRUCK RENTING CORP., M. SLAVIN & SONS.,
LTD., EZRA LEVI, and DEDDY HALIM,

                           Defendants.
-------------------------------------------------------------------X

**DOCKET NO.**
**07 CIV 10619**

**ANSWER TO**
**<u>AMENDED COMPLAINT</u>**

**C O U N S E L O R S:**

Defendants, A.A. TRUCK RENTING CORP., M. SLAVIN & SONS., LTD. and EZRA LEVI,

by and through their attorneys, the LAW OFFICES OF CHARLES J. SIEGEL, answering the

Complaint of the plaintiff herein, alleges upon information and belief:

1.      Deny any knowledge or information sufficient to form a belief as to paragraphs

designated "FIRST", "SECOND", FOURTH", "FIFTH", "SIXTH", "SEVENTH", "EIGHTH",

"NINTH", ELEVENTH", "TWELFTH", "THIRTEENTH", "FOURTEENTH", "FIFTEENTH",

"SIXTEENTH", "SEVENTEENTH", "EIGHTEENTH", "TWENTY-FOURTH", "TWENTY-

EIGHTH" and "THIRTY-FIRST",  of the Amended Complaint.

2.      Admit as to paragraphs designated "THIRD" and "TENTH" of the Amended Complaint.

3.      Deny paragraphs designated 'TWENTY-FIFTH", "TWENTY-SIXTH", "TWENTY-SEVENTH", "TWENTY-NINTH", "THIRTIETH"  and "THIRTY-SECOND", of the Amended Complaint.

4.      EXCEPT WHERE SPECIFICALLY ADMITTED, THE DEFENDANTS, A.A. TRUCK RENTING CORP., M. SLAVIN & SONS, LTD.,  and EZRA LEVI DENY ALL OTHER ALLEGATIONS CONTAINED IN THE COMPLAINT.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.      Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care, or rehabilitative services, loss of earnings, or other economic loss, has been or will, with reasonable certainty, be placed or indemnified in whole or in part from collateral source.

If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.      In the event that the plaintiff recovers any judgment against these defendants, then these defendants demand that any such judgment be diminished in accordance with Article 16 of the New York Civil Practice Law & Rules.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.      If the plaintiff, LORENZ KIENZLE, sustained damages as alleged, such damages occurred while plaintiff was engaged in an activity into which he entered, knowing the hazard,

risk and danger of the activity and he assumed the risks incidental to and attending the activity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.    Defendants, A.A.TRUCK RENTING CORP., M. SLAVIN & SONS, LTD., and EZRA LEVI,  pursuant to Section 1412 of the Civil Practice Law & Rules,  alleges on information and belief, that if plaintiff sustained any injuries or damages at the time and place alleged in his Complaint, such injuries or damages were the result of the culpable conduct of the plaintiff or because of the plaintiff's negligence and assumption of risk.  Should it be found however, that the answering defendant is liable to the plaintiff herein, any liability being specifically denied, then the answering defendant alleges that if any damages are found, they are to be apportioned among the plaintiff and defendants according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A CROSS-CLAIM AGAINST THE DEFENDANT DEDDY HALIM, THE DEFENDANTS, A.A. TRUCK RENTING CORP., M. SLAVIN & SONS, LTD., and EZRA LEVI  ALLEGE, UPON INFORMATION AND BELIEF,  PURSUANT TO FEDERAL RULE OF THE CIVIL PROCEDURE:

9.    That if the plaintiff sustained the damages alleged in the Complaint through any negligence and/or breach of warranty and/or breach of contract and/or breach of indemnification agreement other than his own, such damages were caused by and resulted from the negligence and/or breach of warranty and/or breach of contract and/or breach of indemnification agreement of the above-named co-defendant, DEDDY HALIM.

That if the plaintiff recovers a verdict against the answering defendants for the damages alleged in the Complaint, such liability will have been caused by the negligence and/or breach of warranty and/or breach of contract and/or breach of indemnification agreement of the above-named co-defendant..

That by reason of the foregoing, if any verdict or judgment is rendered in favor of the

plaintiff against the answering defendants, then the above named co-defendant will be liable to the answering defendants, in whole or in part, for said verdict and for costs and expenses incurred by the said answering defendants in the defense of this action.

**WHEREFORE,** the answering defendants demand judgment dismissing the Complaint herein and further demands judgment over and against the co-defendant hereinbefore named, in whole or in part, for any verdict or judgment rendered against the answering defendants, together with the costs and disbursements of this action and the attorney's fees and expenses incurred herein.

Dated: New York, New York
March 25, 2008

Yours, etc.

Law Offices of
CHARLES J. SIEGEL
Attorney for Defendants
A.A. TRUCK RENTING CORP.,
M. SLAVIN & SONS, LTD. and
EZRA LEVI
Office & P.O. Address
40 Wall Street - 7th Floor
New York, New York 10005
(212) 440-2350

*Jack L. Cohen*

By:_____
JACK L. COHEN(JLC/C9449)

TO: DAVID HOROWITZ, P.C.
By: Steven Horowitz, Esq.
Attorneys for Plaintiffs
Office & P.O. Address
276 Fifth Avenue
New York, New York 10001
(212) 684-3636

BRAND, GLICK & BRAND, P.C.
By: Peter M. Khrinenko
Attorneys for Defendant
Deddy Halim
600 Old Country Road – Suite 440

Garden City, New York  11530
(516) 746-3500

# A F F I D A V I T   O F   S E R V I C E

STATE OF NEW YORK      }
                            }ss.:
COUNTY OF NEW YORK  }

       PAM SHIWRAM, being duly sworn, deposes and says:

       That deponent is not a party to this action, is over 18 years of age and resides in Queens, New York, that she is a clerk in the Law Office of CHARLES J. SIEGEL, the attorneys for the Defendants, A.A. Truck Renting Corp, M. Slavin & Sons, Ltd.,  and Ezra Levi  herein, that on the  25th day of March, 2008,  she served the within:

## ANSWER TO AMENDED COMPLAINT

upon:

> DAVID HOROWITZ, P.C.
> By: Steven Horowitz, Esq.
> Attorneys for Plaintiffs
> Office & P.O. Address
> 276 Fifth Avenue
> New York, New York  10001
> (212) 684-3636
>
> BRAND, GLICK & BRAND, P.C.
> By: Peter M. Khrinenko
> Attorneys for Defendant
> Deddy Halim
> 600 Old Country Road – Suite 440
> Garden City, New York  11530
> (516) 746-3500

the undersigned attorneys by mailing a true copy in a postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York City, New York directed to them at the addresses shown, heretofore designated by them for that purpose.

*Pam Shiwram*

_____
             PAM SHIWRAM

Sworn to before me this
_____ day of March, 2008
_____
       NOTARY PUBLIC

OUR FILE NO: 108/001/JLC
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LORENZ KIENZLE,

|                                        |                          |
| -------------------------------------- | ------------------------ |
|                                        | **DOCKET NO.** |
|                                        | **07 CIV 10619** |
| Plaintiff, |                          |
|                                        | **DEMAND FOR** |
| -against-                              | **INTERROGATORIES** |
| A.A. TRUCK RENTING CORP., M. SLAVIN &  |                          |
| SONS, LTD.,  EZRA LEVI and DEDDY HALIM, |                         |

Defendants.
-------------------------------------------------------------------X
**C O U N S E L O R S:**

Defendants, *A.A. TRUCK RENTING CORP., M. SLAVIN & SONS, LTD., and EZRA LEVI,,* by their attorneys,  THE LAW OFFICE OF CHARLES J. SIEGEL, submit to plaintiff the following interrogatories which are to be answered fully and in writing, under oath, within 30 days, in accordance with the procedures specified in Rule 33 of the Federal Rules of Civil Procedure.  Unless otherwise indicated, all information is requested as of the date of the answers to these interrogatories and it is further demanded that the answers to these interrogatories be continually updated as any new information becomes available, in accordance with Federal Rules of Civil Procedure 26(e).

<u>DEFINITIONS</u>

As used herein:

I.    The term "document" shall include every writing and record of every type and description in the possession, custody, or control of the plaintiff or his attorneys wherever located and whether or not prepared by or for the plaintiff.  "Document" shall also include a copy of a document if the original is not in the possession, custody or control of the plaintiff or his attorneys, and it shall include every copy of a document that is not identical to the original or other copy.

II.    The term "identify," when used in reference to a natural person, means to:

(a)  State his or her full name;

(b) State his or her present or last known business and residential address and telephone numbers; and

(c) State his or present or last known position and business affiliation.

III.    "Identify," when used in reference to other than a natural person, means to:

(a) State its full name;

(b) State the present or last known address and telephone number of its principal place of business or office;

(c) In the case of a corporation, set forth the state of its incorporation and its president or chief executive officer; and

(d) In the case of an entity other than a corporation, identify each managing agent or individual in charge.

IV.    The term "identify," when used in reference to a document, means to:

(a) State the date of preparation, author, title (if any), subject matter, number of pages and type of document (e.g., contract, letter, report, etc.).  If the document cannot be identified in this manner, state some other means of distinguishing the document;

(b) State the present location of the document; and

(c) Identify the present custodian of the document.  Instead of identifying a document, you may attach a copy of such document to your response to these interrogatories, indicating to which interrogatory each such document relates.

V.    The term "identify," when used to refer to a meeting, incident, conversation or occurrence, means to:

(a) State its date, place and details, including the complete substance of any conversation;

(b) Identify all participants therein; and

(c) Identify all documents reporting or otherwise referring to its details.

VI.    "State the basis for," when used with reference to a particular fact or subject matter, means to:

(a) State each and every fact discoverable under the Federal Rules of Civil Procedure that is known to the plaintiff and which relates to the fact or subject matter;

(b) State the source of the plaintiff's information or knowledge relating to each such fact;

(c) Identify all persons having knowledge of each such fact;

(d) Identify each document or oral communication known to the plaintiff supporting the existence of each such fact; and

(e) Specify each event, occurrence, and instance on which the plaintiff intends to introduce evidence at trial relating to the fact or subject matter.

VII.    As used in the following interrogatories, the terms "you" and "your" shall be construed to refer to the plaintiff or his attorneys, as appropriate.

VIII.    The terms "incident" and "accident" refer to the accident which is alleged to have occurred and which is the subject of this lawsuit.

IX.    The terms "incident" and "accident" refer to the accident which is alleged to have occurred and which is the subject of this lawsuit.

## INSTRUCTIONS

I.    When responding to an Interrogatory use full and complete sentences.  If you cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the Interrogatory to the extent possible, specifying any inability to answer the remainder of any such Interrogatory and stating whatever information or knowledge is presently available to you concerning the unanswered portion of the said Interrogatory.

II.  If you elect to produce any document in response to one or more of the Interrogatories, specify to what paragraph or part thereof such document responds.

III.  Where the identification of documents is requested, each such request seeks the identification of all documents described, of whatever date, and including all non-identical copies, that are in the possession, custody or control of the plaintiff or his attorneys.

IV.  If you refuse to answer an Interrogatory, state the basis for your refusal.

## INTERROGATORIES

1.    (a)    Set forth the nature and extent of the injuries claimed to have been sustained.

(b)    Specify any pre-existing injury or condition that it is claimed to have been

exacerbated as a result of the negligence alleged in this lawsuit.

2.      Describe the injuries claimed to be permanent in their nature and consequences in sufficient detail to permit definite identification.

3.      Set forth the length of time it will be claimed plaintiff was confined (a) to bed (b) to house (c) set forth the dates of each hospital confinement, and identify the hospitals to which confined.

4.      State (a) the usual business or occupation of the plaintiff and (b) plaintiff's salary or income, if any, per day, week or month.

5.      Set forth the name and address of plaintiff's employer; or if self-employed, so state, indicating the name and address under which the plaintiff is doing business.

6.      Set forth the amount of lost earnings or any financial loss incurred and the method by which the lost earnings and financial loss is computed.

7.      Set forth the length of time if any, plaintiff was incapacitated from employment or occupation, or if plaintiff was a student, give the name of the school attended, and the grade in which he was a student.

8.      State (a) the plaintiff's date and place of birth (b) plaintiff's social security number (c) plaintiff's present address and (d) the address of the plaintiff at the time of the occurrence.

9.      Set forth the amounts incurred for:
(a)      medical, surgical and dental services, stating separately the amount of each service identifying by whom rendered;

(b)      hospital services, stating separately the name and address of each hospital and the amount of each bill;

(c)      nursing services;

(d)      services for ambulance, X-rays, prescription drugs and prosthetics stating separately the amount of each bill and the service for which it was rendered;

(e)      any other item of expense, or damage;

(f)      if plaintiff received workers' compensation benefits, identify the insurance carrier and/or employer who provided said benefits, the workers' compensation file number, and the amount of the lien to date.

(g)    Set forth the names of any witnesses to events relevant to the claims in the complaint.

Dated:  New York, New York
         March 25, 2008

                    Yours, etc.

                    Law Offices of
                    CHARLES J. SIEGEL
                    Attorney for Defendants
                    A.A. Truck Renting Corp.  and
                    EZRA LEVI
                    Office & P.O. Address
                    40 Wall Street - 7th Floor
                    New York, New York 10005
                    (212) 440-2350

                          *Jack L. Cohen*

By:_____
                    JACK L. COHEN(JLC/C9449)

TO:    DAVID HOROWITZ, P.C.
          By: Steven Horowitz, Esq.
          Attorneys for Plaintiffs
          Office & P.O. Address
          276 Fifth Avenue
          New York, New York  10001
          (212) 684-3636

          BRAND, GLICK & BRAND, P.C.
          By: Peter M. Khrinenko
          Attorneys for Defendant
          Deddy Halim
          600 Old Country Road – Suite 440
          Garden City, New York  11530
          (516) 746-3500

# A F F I D A V I T   O F   S E R V I C E

STATE OF NEW YORK     }
                      }ss.:
COUNTY OF NEW YORK    }

     PAM SHIWRAM, being duly sworn, deposes and says:

     That deponent is not a party to this action, is over 18 years of age and resides in Queens, New York, that she is a clerk in the Law Office of CHARLES J. SIEGEL, the attorneys for the Defendants, A.A. Truck Renting Corp., M. Slavin & Sons, Ltd.,and Ezra Levi herein, that on the 25th day of March, 2008, she served the within:

## DEMAND FOR INTERROGATORIES

upon:

DAVID HOROWITZ, P.C.
By: Steven Horowitz, Esq.
Attorneys for Plaintiffs
Office & P.O. Address
276 Fifth Avenue
New York, New York 10001
(212) 684-3636

BRAND, GLICK & BRAND, P.C.
By: Peter M. Khrinenko
Attorneys for Defendant
Deddy Halim
600 Old Country Road – Suite 440
Garden City, New York 11530
(516) 746-3500

the undersigned attorneys by mailing a true copy in a postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York City, New York directed to them at the addresses shown, heretofore designated by them for that purpose.

*Pam Shiwram*

_____
     PAM SHIWRAM

Sworn to before me this
_____ day of March, 2008

_____
     NOTARY PUBLIC

OUR FILE NO: 108/001/JLC
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LORENZ KIENZLE,

**DOCKET NO.
07 CIV 10619**

Plaintiff,

-against-                                                        **NOTICE TO
PRODUCE**

A.A. TRUCK RENTING CORP., M. SLAVIN &
SONS, LTD.,  EZRA LEVI and DEDDY HALIM,

Defendants.
-------------------------------------------------------------------X
**C O U N S E L O R S :**

  **PLEASE TAKE NOTICE**, that the Defendants, *A.A. TRUCK RENTING CORP., M.*

*SLAVIN & SONS, LTD.,  and EZRA LEVI,* pursuant to FRCP Rule 34 hereby demands that the

following documents be produced for discovery and inspection at the office of *CHARLES J.*

*SIEGEL, 40 Wall Street – 7th Floor*, New York, New York 10007:


  1)  Copies of medical reports, duly executed authorizations for hospital records and
treating physician's office records, and copies of any and all medical records relating to the
injuries alleged in plaintiff's complaint.


  2)  Copies of the medical reports of any physical examinations conducted of the
plaintiff.


  3)  The names and addresses of each person known or claimed by any party you
represent in this action to be a witness to:


    a)  The occurrence alleged in the complaint in this action; or


    b)  Any acts, omissions, or conditions which allegedly caused the occurrence
    alleged in the complaint; or


    c)  Any actual notice allegedly given to the defendant answering herein of
    any condition which allegedly caused the occurrence alleged in the complaint; or

d)    The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint.

4)    A complete copy of the plaintiff's employment records for the two years <u>prior</u> and subsequent to the alleged occurrence, and a duly executed authorizations allowing the obtaining of the aforementioned.

Provide W-2's for three years preceding and two years after the accident date and an authorization for plaintiff's employer, including it's name and current address, to obtain the same.

If Plaintiff is self-employed, provide authorizations to obtain plaintiff's tax return records from the Internal Revenue System.

5)    Photographs, videos, surveillance tapes and reports, or films of the instrumentality, the scene of the alleged occurrence and/or any defective and/or dangerous condition claimed to have existed threat, and/or property damage sustained, and/or plaintiff's injuries.

6)    Disclosure of all information pertaining to experts pursuant to FRCP Rule 26.

7)    The names, addresses and amounts received to date from all persons, firms or organizations which have reimbursed plaintiff for the cost of medical care, custodial care, rehabilitation services, loss of earnings or other economic loss and other costs including but not limited to:

(a)    insurance;
(b)    social security benefits;
(c)    workers compensation benefits;
(d)    disability benefits;
(e)    employee benefits programs (including union benefits programs);
(f)    any other source.

8)    Where reimbursement was or is pursuant to a policy of a type, state the name of the policy holder, the policy number and the name of the issuer of the policy; a list of claims submitted pursuant to the policy, and the amount of money received pursuant to each claim.

**9)**    Duly executed and acknowledged written authorizations directed to all persons, firms or organization which have reimbursed plaintiff(s) for costs of medical care, custodial care, rehabilitation services, loss of earnings or other economic loss or other costs or to whom such claims have been submitted to obtain copies of the policies under which said payments or claims were made, copies of all checks and other indicia of payment, and copies of any claims submitted for payment.

**PLEASE TAKE FURTHER NOTICE,** that upon failure to comply with this demand, the plaintiff will be precluded upon the trial of the within action from offering in evidence or testifying as to any of the items requested herein.

**PLEASE TAKE FURTHER NOTICE,** that the within is a continuing request.  In the event any of the above items are obtained after service hereof, they are to be immediately furnished to this office.

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and provide the aforesaid items at the time and place required in this request, a motion will be made for the appropriate relief to this Court.

Dated: New York, New York
          March 25, 2008

                                                    Yours, etc.

                                                    Law Offices of
                                                    CHARLES J. SIEGEL
                                                    Attorney for Defendants
                                                    A.A. Truck Renting Corp.
                                                    M. Slavin & Sons, Ltd., and Ezra Levi
                                                    Office & P.O. Address
                                                    40 Wall Street - 7th Floor
                                                    New York, New York 10005
                                                    (212) 440-2350

                                                    *Jack L. Cohen*
                                          By:_____
                                                    JACK L. COHEN(JLC/C9449)

TO:    DAVID HOROWITZ, P.C.
          By: Steven Horowitz, Esq.
          Attorneys for Plaintiffs
          Office & P.O. Address
          276 Fifth Avenue
          New York, New York  10001

          BRAND, GLICK & BRAND, P.C.
          By: Peter M. Khrinenko
          Attorneys for Defendant - Deddy Halim
          600 Old Country Road – Suite 440
          Garden City, New York  11530

# A F F I D A V I T   O F   S E R V I C E

STATE OF NEW YORK      }
                             }ss.:
COUNTY OF NEW YORK   }

PAM SHIWRAM, being duly sworn, deposes and says:

That deponent is not a party to this action, is over 18 years of age and resides in Queens, New York, that she is a clerk in the Law Office of CHARLES J. SIEGEL, the attorneys for the Defendants, A.A. Truck Renting Corp. and EZRA LEVI herein, that on the 25th day of March, 2008, she served the within:

## NOTICE TO PRODUCE

upon:

        DAVID HOROWITZ, P.C.
        By: Steven Horowitz, Esq.
        Attorneys for Plaintiffs
        Office & P.O. Address
        276 Fifth Avenue
        New York, New York  10001
        (212) 684-3636

        BRAND, GLICK & BRAND, P.C.
        By: Peter M. Khrinenko
        Attorneys for Defendant
        Deddy Halim
        600 Old Country Road – Suite 440
        Garden City, New York  11530
        (516) 746-3500

the undersigned attorneys by mailing a true copy in a postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York City, New York directed to them at the addresses shown, heretofore designated by them for that purpose.

*Pam Shiwram*

_____
        PAM SHIWRAM

Sworn to before me this
_____ day of March, 2008

_____
        NOTARY PUBLIC

OUR FILE NO: 108/001/JLC
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
LORENZ KIENZLE,

                                  Plaintiff,

       -against-

A.A. TRUCK RENTING CORP., M. SLAVIN &
SONS, LTD.,  EZRA LEVI and DEDDY HALIM,

                                  Defendants.
--------------------------------------------------------------------X

**DOCKET NO.**
**07 CIV 10619**

**NOTICE OF**
**EXAMINATION**

**C O U N S E L O R S:**

        PLEASE TAKE NOTICE, that the testimony of the plaintiff, *LORENZ KIENZLE and ALL OTHER PARTIES* will be taken before a Notary Public who is not of counsel to either of the parties herein at the *LAW OFFICES OF CHARLES J. SIEGEL, 40 Wall Street, 7th Floor, New York, New York. 10005,* on a date mutually agreed upon date and time.

        The said plaintiff, **LORENZ KIENZLE** *AND CO-DEFENDANT,* **DEDDY HALIM** are to be examined with respect to the pleadings in the action including negligence, contributory negligence, liability or damages.

        That for the purpose authorized by FRCP 33, the said attorneys are required to

produce at  such examination any books, papers or other things in their custody or control

related to any of the matters in controversy.

Dated: New York, New York
         February 07, 2008

                                         Yours, etc.

                                         Law Offices of
                                         CHARLES J. SIEGEL
                                         Attorney for Defendants
                                         A.A. Truck Renting Corp.
                                         M. Slavin & Sons, Ltd. and Ezra Levi
                                         Office & P.O. Address
                                         40 Wall Street - 7th Floor
                                         New York, New York 10005
                                         (212) 440-2350


                                         *Jack L. Cohen*

                                         By:_____
                                                JACK L. COHEN(JLC/C9449)

TO:    DAVID HOROWITZ, P.C.
       By: Steven Horowitz, Esq.
       Attorneys for Plaintiffs
       Office & P.O. Address
       276 Fifth Avenue
       New York, New York  10001
       (212) 684-3636

       BRAND, GLICK & BRAND, P.C.
       By: Peter M. Khrinenko
       Attorneys for Defendant
       Deddy Halim
       600 Old Country Road – Suite 440
       Garden City, New York  11530
       (516) 746-3500

**A F F I D A V I T   O F   S E R V I C E**

STATE OF NEW YORK     }
                        }ss.:
COUNTY OF NEW YORK  }

     PAM SHIWRAM, being duly sworn, deposes and says:

     That deponent is not a party to this action, is over 18 years of age and resides in Queens, New York, that she is a clerk in the Law Office of CHARLES J. SIEGEL, the attorneys for the Defendants, A.A. Truck Renting Corp., M. Slavin & Sons, Ltd., and Ezra Levi  herein, that on the 25th day of March, 2008,  she served the within:

**NOTICE TO TAKE EXAMINATION BEFORE TRIAL**

upon:
                    DAVID HOROWITZ, P.C.
                    By: Steven Horowitz, Esq.
                    Attorneys for Plaintiffs
                    Office & P.O. Address
                    276 Fifth Avenue
                    New York, New York  10001
                    (212) 684-3636

                    BRAND, GLICK & BRAND, P.C.
                    By: Peter M. Khrinenko
                    Attorneys for Defendant
                    Deddy Halim
                    600 Old Country Road – Suite 440
                    Garden City, New York  11530
                    (516) 746-3500

the undersigned attorneys by mailing a true copy in a postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York City, New York directed to them at the addresses shown, heretofore designated by them for that purpose.

*Jack L. Cohen*

               _____
                PAM SHIWRAM

Sworn to before me this
_____ day of March, 2008

_____
      NOTARY PUBLIC

3

OUR FILE NO: 108/001/JLC
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LORENZ KIENZLE,

                                **DOCKET NO.**
                                **07 CIV 10619**

                    Plaintiff,

          -against-                       **ANSWER TO**
                                 **<u>AMENDED COMPLAINT</u>**


A.A. TRUCK RENTING CORP., M. SLAVIN & SONS.,
LTD., EZRA LEVI, and DEDDY HALIM,

                    Defendants.
------------------------------------------------------------------X
**C O U N S E L O R S:**


Defendants, A.A. TRUCK RENTING CORP., M. SLAVIN & SONS., LTD. and EZRA LEVI,

by and through their attorneys, the LAW OFFICES OF CHARLES J. SIEGEL, answering the

Complaint of the plaintiff herein, alleges upon information and belief:

1.      Deny any knowledge or information sufficient to form a belief as to paragraphs

designated "FIRST", "SECOND", FOURTH", "FIFTH", "SIXTH", "SEVENTH", "EIGHTH",

"NINTH", ELEVENTH", "TWELFTH", "THIRTEENTH", "FOURTEENTH", "FIFTEENTH",

"SIXTEENTH", "SEVENTEENTH", "EIGHTEENTH", "TWENTY-FOURTH", "TWENTY-

EIGHTH" and "THIRTY-FIRST", of the Amended Complaint.

2.      Admit as to paragraphs designated "THIRD" and "TENTH" of the Amended Complaint.

3.      Deny paragraphs designated 'TWENTY-FIFTH", "TWENTY-SIXTH", "TWENTY-SEVENTH", "TWENTY-NINTH", "THIRTIETH"  and "THIRTY-SECOND", of the Amended Complaint.

4.      EXCEPT WHERE SPECIFICALLY ADMITTED, THE DEFENDANTS, A.A. TRUCK RENTING CORP., M. SLAVIN & SONS, LTD.,  and EZRA LEVI DENY ALL OTHER ALLEGATIONS CONTAINED IN THE COMPLAINT.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.      Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care, or rehabilitative services, loss of earnings, or other economic loss, has been or will, with reasonable certainty, be placed or indemnified in whole or in part from collateral source.

If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.      In the event that the plaintiff recovers any judgment against these defendants, then these defendants demand that any such judgment be diminished in accordance with Article 16 of the New York Civil Practice Law & Rules.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.      If the plaintiff, LORENZ KIENZLE, sustained damages as alleged, such damages occurred while plaintiff was engaged in an activity into which he entered, knowing the hazard,

risk and danger of the activity and he assumed the risks incidental to and attending the activity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.    Defendants, A.A.TRUCK RENTING CORP., M. SLAVIN & SONS, LTD., and EZRA LEVI,  pursuant to Section 1412 of the Civil Practice Law & Rules,  alleges on information and belief, that if plaintiff sustained any injuries or damages at the time and place alleged in his Complaint, such injuries or damages were the result of the culpable conduct of the plaintiff or because of the plaintiff's negligence and assumption of risk.  Should it be found however, that the answering defendant is liable to the plaintiff herein, any liability being specifically denied, then the answering defendant alleges that if any damages are found, they are to be apportioned among the plaintiff and defendants according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A CROSS-CLAIM AGAINST THE DEFENDANT DEDDY HALIM, THE DEFENDANTS, A.A. TRUCK RENTING CORP., M. SLAVIN & SONS, LTD., and EZRA LEVI  ALLEGE, UPON INFORMATION AND BELIEF,  PURSUANT TO FEDERAL RULE OF THE CIVIL PROCEDURE:

9.    That if the plaintiff sustained the damages alleged in the Complaint through any negligence and/or breach of warranty and/or breach of contract and/or breach of indemnification agreement other than his own, such damages were caused by and resulted from the negligence and/or breach of warranty and/or breach of contract and/or breach of indemnification agreement of the above-named co-defendant, DEDDY HALIM.

That if the plaintiff recovers a verdict against the answering defendants for the damages alleged in the Complaint, such liability will have been caused by the negligence and/or breach of warranty and/or breach of contract and/or breach of indemnification agreement of the above-named co-defendant..

That by reason of the foregoing, if any verdict or judgment is rendered in favor of the

plaintiff against the answering defendants, then the above named co-defendant will be liable to

the answering defendants, in whole or in part, for said verdict and for costs and expenses

incurred by the said answering defendants in the defense of this action.

**WHEREFORE,** the answering defendants demand judgment dismissing the Complaint

herein and further demands judgment over and against the co-defendant hereinbefore named, in

whole or in part, for any verdict or judgment rendered against the answering defendants, together

with the costs and disbursements of this action and the attorney's fees and expenses incurred

herein.

Dated: New York, New York
      March 25, 2008

          Yours, etc.

          Law Offices of
          CHARLES J. SIEGEL
          Attorney for Defendants
          A.A. TRUCK RENTING CORP.,
          M. SLAVIN & SONS, LTD.  and
          EZRA LEVI
          Office & P.O. Address
          40 Wall Street - 7th Floor
          New York, New York 10005
          (212) 440-2350

          *Jack L. Cohen*

By:_____
          JACK L. COHEN(JLC/C9449)

TO:    DAVID HOROWITZ, P.C.
       By: Steven Horowitz, Esq.
       Attorneys for Plaintiffs
       Office & P.O. Address
       276 Fifth Avenue
       New York, New York  10001
       (212) 684-3636

       BRAND, GLICK & BRAND, P.C.
       By: Peter M. Khrinenko
       Attorneys for Defendant
       Deddy Halim
       600 Old Country Road – Suite 440

Garden City, New York  11530
(516) 746-3500

# A F F I D A V I T   O F   S E R V I C E

STATE OF NEW YORK      }
                       }ss.:
COUNTY OF NEW YORK   }

PAM SHIWRAM, being duly sworn, deposes and says:

That deponent is not a party to this action, is over 18 years of age and resides in Queens, New York, that she is a clerk in the Law Office of CHARLES J. SIEGEL, the attorneys for the Defendants, A.A. Truck Renting Corp, M. Slavin & Sons, Ltd.,  and Ezra Levi  herein, that on the  25th day of March, 2008,  she served the within:

## ANSWER TO AMENDED COMPLAINT

upon:

DAVID HOROWITZ, P.C.
By: Steven Horowitz, Esq.
Attorneys for Plaintiffs
Office & P.O. Address
276 Fifth Avenue
New York, New York  10001
(212) 684-3636

BRAND, GLICK & BRAND, P.C.
By: Peter M. Khrinenko
Attorneys for Defendant
Deddy Halim
600 Old Country Road – Suite 440
Garden City, New York  11530
(516) 746-3500

the undersigned attorneys by mailing a true copy in a postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York City, New York directed to them at the addresses shown, heretofore designated by them for that purpose.

*Pam Shiwram*

_____
PAM SHIWRAM

Sworn to before me this
_____ day of March, 2008
_____
NOTARY PUBLIC